UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 2:15-cv-173-DLB

KING ELIKIM NAJASHI SHABAZZ-EL-BEY,                               PLAINTIFF,

V.                    **MAGISTRATE JUDGE'S**
                  **REPORT AND RECOMMENDATION**
                            **AND ORDER**

JAMES A. DALEY, et al.,                                          DEFENDANTS.

*** *** *** ***

This matter is before the Court on Defendants' Renewed Motion for Sanctions. [R. 86]. Defendants James Daley, Gracy Nagel, Zachary Smith and the Campbell County Detention Center seek dismissal of Plaintiff's suit, and attorney fees and costs incurred as a result of Plaintiff's misconduct, due to his ongoing failures to appear for depositions and otherwise comply with the Federal Rules of Civil Procedure governing discovery. [Id.]. Defendants have also filed a Motion for Extension of Time, [R. 88], seeking to extend the November 10, 2016 dispositive motion deadline, see [R. 42 at 2], to preserve the opportunity to file a dispositive motion in the event the Court denied their motion for sanctions. [R. 88 at 3]. For the reasons set forth below, the undersigned RECOMMENDS that the District Court GRANT Defendants' Motion for Sanctions, [R. 86], DISMISS Plaintiff's complaint in its entirety, and STRIKE this matter from the Court's active docket. Further, the Court ORDERS that Defendants' Motion for Extension of Time [R. 88] is DENIED AS MOOT WITHOUT PREJUDICE.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On October 2, 2015, Plaintiff King-Elikim-Najashi Shabazz-el-Bey filed a *pro se*

1

complaint, asserting claims under 42 U.S.C. § 1983 and other federal laws against Defendants James Daley, Gracy Nagle, Zachery Smith, and the Campbell County Detention Center ("CCDC") in Newport, Kentucky. See generally [R. 1]. His *pro se* complaint alleges 22 claims against Defendants for wrongs Plaintiff allegedly suffered while a pretrial detainee at CCDC in July 2015. [Id. at 5]. The undersigned established discovery deadlines for the parties on April 29, 2016, and the parties began to conduct discovery. [R. 42].

The underlying renewed motion for sanctions is Defendants' third request for sanctions. Defendants first filed a Motion to Compel, [R. 69], asking that this Court compel Plaintiff to provide full and complete answers to Defendants' First Set of Interrogatories and Request for Production of Documents, and asking that Plaintiff be sanctioned by ordering him to pay the reasonable attorney fees incurred in preparing the motion. [Id. at 6]. As grounds, Defendants explained that Plaintiff had objected to basic requests for information regarding his background, education, employment, criminal history and family history. [Id. at 3]. The Court granted the Motion to compel, [R. 75], and required Plaintiff to supplement his responses, but did not order payment of attorney fees. As alleged by Defendants, Plaintiff has still not fully provided supplemental responses to all interrogatories at issue, as the Court had ordered. [R. 86 at 4].

On September 28, 2016, Defendants requested sanctions a second time, filing a Motion for Sanctions due to the Plaintiff's failure to attend his properly noticed deposition. [R. 73]. In that motion, Defendants sought $134.65 for expenses incurred after Plaintiff failed to appear for his noticed video deposition on September 26, 2016, despite multiple attempts to request his availability. [Rs. 73 at 3, 73-1]. The Court denied the motion for sanctions without prejudice, [R. 76], giving Defendants leave to renew the motion and cautioning Plaintiff that "further failure to cooperate in the discovery process . . . through failure to promptly provide dates for

2

depositions, or failure to timely respond to discovery" would result in sanctions or a recommendation that his complaint be stricken and his action be dismissed. [Id. at 2].

The Court then, on its own motion, scheduled a status conference with the parties on October 18, 2016, to discuss the progress of discovery as well as any pending motions, making clear that "Plaintiff is required to be in attendance." [R. 77]. Plaintiff did not appear at the October 18, 2016 hearing. Accordingly, at the hearing, the Court ordered that Plaintiff appear for a deposition on November 1, 2016 at the U.S. District Court in Covington, Kentucky, stating on record that that his "[f]ailure to appear will result in the recommendation, by the undersigned to the District Judge, that this case be dismissed and stricken from the Court's active docket." [R. 83 at 2]. Once again, and in spite of the Court's admonition, Plaintiff did not appear for this deposition. [R. 87].

As a result, Defendants have now moved for sanctions. [R. 86]. Specifically, they move for dismissal of Plaintiff's claims pursuant to Rule 37(B), [id. at 4–7], and also seek attorneys fees and costs incurred due to having to schedule and reschedule depositions, prepare for and attend depositions, hire court reporters to attend the depositions, and prepare the various motions for sanctions and motion to compel Plaintiff's complete responses. [Id. at 8].

## **STANDARD**

Under Fed. R. Civ. P. 37(b), when a party has refused to obey a court order, or has otherwise failed to provide or permit discovery, the Court where the action is pending may issue further orders, either:

(i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated

3

          claims or defenses, or from introducing designated matters in evidence;
(iii)    striking pleadings in whole or in part; staying further proceedings until the order is obeyed;
(iv)    dismissing the action or proceeding in whole or in part;
(v)    rendering a default judgment against the disobedient party; or
(vi)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. Pro. 37(b)(2)(A).

Because dismissal is the harshest available sanction under Rule 37(b)(2), the Sixth Circuit considers certain factors in determining whether a district court's dismissal of a suit was an abuse of discretion, including whether: (1) the failure to cooperate was due to willfulness, bad faith, or fault; (2) the adversary was prejudiced by the failure to cooperate; (3) the party was warned that failure to cooperate could lead to dismissal; and (4) less drastic sanctions were imposed or considered. Tech. Recycling Corp. v. City of Taylor, 186 Fed. Appx. 624, 632 (6th Cir. 2006), citing Bass v. Jostens, 71 F.3d 237, 241 (6th Cir. 1995).

## ANALYSIS

Dismissal is an appropriate sanction here. Plaintiff has been consistently unwilling to satisfy his discovery obligations, failing to provide complete supplemental responses in spite of the Court's order, [R. 86 at 4], failing to appear before the Court for a discovery conference, although his attendance was clearly mandatory, [Rs. 77, 83], and failing to appear for his Court-ordered deposition. [R. 87]. Despite multiple motions for sanctions filed by Defendants and multiple opportunities provided to Plaintiff by this Court to rectify his previous noncompliance with discovery, Plaintiff has willfully refrained from cooperating in this matter.

Moreover, the aforementioned four factors each weigh in favor of dismissal. Tech Recycling, 186 Fed. Appx. at 632. Despite Defendants' multiple attempts to schedule his

deposition and generally communicate with him, Plaintiff missed multiple noticed depositions and was consistently hard to reach, see, e.g., [R. 73 at 3–5], and the Court finds bad faith underlying his repeated absences and failures to communicate with the opposing party.  Second, Defendants have clearly been prejudiced by his failures to appear, having wasted time and resources by preparing and appearing for fruitless depositions.  Third, Plaintiff was warned by the Court, on more than one occasion, [Rs. 76, 83], that further failures to comply could result in dismissal.  Finally, the Court has considered and employed less drastic sanctions in the past, having denied Defendants' earlier motions for sanctions, [R. 76], in order to provide Plaintiff an additional opportunity to properly comply with discovery requirements under the Federal Rules and to adhere to the Court's mandates.  Plaintiff has failed to do so.  The Court finds dismissal of Plaintiff's suit appropriate in these circumstances, and in line with Sixth Circuit precedent.

## RECOMMENDATION

Having considered the matter fully, and being otherwise sufficiently advised,

IT IS RECOMMENDED that Defendants' Motion for Sanctions [R. 86] be GRANTED, that all of Plaintiff's claims be DISMISSED, and that this matter be STRICKEN from the Court's active docket.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

FURTHER, IT IS ORDERED that Defendants' Motion for Extension of Time [R. 88] is DENIED WITHOUT PREJUDICE AS MOOT.

Signed November 16, 2016.

Signed By:
Edward B. Atkins /s/ EBA
United States Magistrate Judge