UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 15-173-DLB-EBA

KING ELIKIM NAJASHI SHABAZZ-EL-BEY                         PLAINTIFF


V.              ORDER ADOPTING REPORT AND RECOMMENDATION


JAMES A. DALEY, et al.                                    DEFENDANTS

* *   * *   * *   * *   * *   * *   * *

This matter is before the Court on Magistrate Judge Edward B. Atkins's Report and

Recommendation ("R&R") (Doc. # 89), wherein he recommends that Defendants' Motion

for Sanctions (Doc. # 86) be granted, Plaintiff's Complaint be dismissed, and Defendants'

Motion for Extension of Time (Doc. # 88) be denied as moot.  Plaintiff has filed Objections

to the R&R (Doc. # 90), and Defendants have filed a Response to Plaintiff's Objections

(Doc. # 91).  Having reviewed the parties' briefings, the Court will adopt the R&R as the

findings of fact and conclusions of law of the Court.

Pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections within fourteen

days after being served with a copy of a Magistrate's R&R.  If a party is properly informed

of the consequences of failing to file an objection, and fails to file an objection, "the party

waives subsequent review by the district court."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.

1995).  Objections must specifically challenge portions of the report or the proposed

findings or recommendations.  Filing vague, general, or conclusory objections does not

meet the specificity requirements, and such objections may be treated as a complete failure

1

to file.  *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)).

District courts in the Sixth Circuit have also held that, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *VanDiver v. Martin*, 304 F. Supp.2d 934, 938 (E.D. Mich. 2004); *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011) (holding that "objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived").  Therefore, these "objections" fail to put the Court on notice of any potential errors in the Magistrate's R&R.  *VanDiver*, 304 F. Supp.2d at 938.

Here, Plaintiff failed to file objections to the R&R within the ordered fourteen day period.  However, because the Plaintiff is proceeding *pro se*, and the objections were only one day late, the Court will consider Plaintiff's objections on the merits.

First, Plaintiff suggests that the Magistrate Judge unnecessarily "interfered" with the proceedings, claiming that Defendants' first Motion to Compel was of the Magistrate Judge's "own making," and that Plaintiff had already fully responded to interrogatories.  (Doc. # 90, ¶¶ 6 and 7).  The record does not support Plaintiff's claims.  Defendants requested and secured leave to file the Motion, and the Magistrate Judge granted the Motion after full briefing.  (Docs. # 69, 70, 71, and 75).

Next, Plaintiff argues that the Magistrate Judge's recommendation was inappropriate under Rule 37(b).  (Doc. # 90, ¶¶ 19-25).  The Sixth Circuit considers the following factors in determining whether dismissal under Rule 37(b) is appropriate: whether (1) the failure

to cooperate was due to willfulness, bad faith, or fault; (2) the adversary was prejudiced by the failure to cooperate; (3) the party was warned that failure to cooperate could lead to dismissal; and (4) less drastic sanctions were imposed or considered. *Tech. Tecycling Corp. V. City of Taylor*, 186 Fed. Appx. 624, 632 (6th Cir. 2006).

The Magistrate Judge thoughtfully considered the aforementioned factors in finding that they weigh in favor of dismissal:

> Despite Defendants' multiple attempts to schedule his deposition and generally communicate with him, Plaintiff missed multiple noticed depositions and was consistently hard to reach, and the Court finds bad faith underlying his repeated absences and failures to communicate with the opposing party. Second, Defendants have clearly been prejudiced by his failures to appear, having wasted time and resources by preparing and appearing for fruitless depositions. Third, Plaintiff was warned by the Court, on more than one occasion, that further failures to comply could result in dismissal. Finally, the Court has considered and employed less drastic sanctions in the past, having denied Defendants' earlier motions for sanctions, in order to provide Plaintiff an additional opportunity to properly comply with discovery requirements under the Federal Rules and adhere to the Court's mandates. Plaintiff has failed to do so.

(Doc. # 89, p. 4-5) (internal citations omitted). The Court agrees with the Magistrate Judge's analysis.

Plaintiff failed to answer Defendants' interrogatories as ordered by the Court following Defendants' first Motion to Compel. (Doc. # 75). Then, when Plaintiff failed to respond to Defendants' Motion for Sanctions after Plaintiff failed to appear for a deposition (Doc. # 73), the Court warned Plaintiff that "further failure to cooperate in the discovery process . . . will result in sanctions or a recommendation that his complaint be stricken and this action be dismissed." (Doc. # 76). Again, Plaintiff failed to adhere to the Court's orders. Finally, the Court entered an Order setting Plaintiff's deposition for November 1, 2016, in which it warned Plaintiff that his failure to appear would "result in the

recommendation, by the undersigned to the District Judge, that this case be dismissed and stricken from the Court's active docket." (Doc. # 83).  Once again, Plaintiff failed to appear. Plaintiff squandered every chance he was given to comply with the Court's Orders despite multiple warnings, and with no regard for the opposing party.  Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1)     Defendants' Motion for Sanctions (Doc. # 86) is **GRANTED**;

(2)     The Magistrate Judge's Report and Recommendation (Doc. # 89) is **adopted** as the findings of fact and conclusions of law of the Court; and

(3)     Plaintiff's claims are **DISMISSED**, and this matter is **STRICKEN** from the Court's active docket.

This 13th day of December, 2016.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Cov15\15-173 Order Adopting R&R.wpd

4